| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number<br><br>American Property Locators, Inc.<br>c/o J Armstrong Duffield, Attorney-in-fact<br>3855 S. Boulevard, Suite 200<br>Edmond, OK 73013-5499<br>Tele 405/341-9001, Fax 405/340-5968 | FOR COURT USE ONLY<br>  FILED JUN 25 2010 |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA**

In re:  Winston Tire Company

CASE NUMBER LA 02-11180-BR

HEARING DATE:

TIME:

Debtor.    PLACE:

# MOTION FOR ORDER RELEASING UNCLAIMED FUNDS

I, under penalty of perjury under the laws of the United States of America declare (or certify, verify, or state) that the following statements and information are true and correct:

1. I request an order releasing the total amount of $ 3,615.34 _____ which is the sum of all monies deposited with the court on the following date(s) 01/21/2010 _____ on behalf of the creditor MCI Worldcom Network Services, Inc. _____ on claim number(s) 248 _____

2. Please check and complete the applicable subparagraph(s) below:

   ☐ a.  I am the creditor named in paragraph 1.

   ☐ b.  I am an employee of the creditor named in paragraph 1 and my title is _____.
   The creditor is still legally entitled to the monies and I am authorized by the creditor to this petition. Submit evidence establishing authority to act on behalf of creditor.

   ☒ c.  I am the creditor and have appointed J Armstrong Duffield _____
   as my lawful attorney-in-fact who is duly authorized by the attached original power of attorney to file this motion.

   ☐ d.  Subparagraphs a, b, and c above do not apply, but I am entitled to payment of such monies because (submit evidence establishing basis for right to obtain payment).

   _____
   _____
   _____
   _____

(Continued on next page)

Motion for Order Releasing Unclaimed Funds - *Page 2*   **F 3011-1**

In re Winston Tire Company

CHAPTER 7

Debtor.   CASE NUMBER LA 02-11180-BR

3. Please complete each of the following subparagraphs:

   a. The following is the creditor's address and phone number:

   Verizon

   Andrew J. Murphy, CTP, Banking Manager

   3900 Washington Street, Floor 2

   Wilmington, DE 19802  302-761-4211

   b. A brief history of the creditor (from the filing of the claim to the present) which includes, if applicable, identification of any sale of the company and the new and prior owner(s). Submit evidence establishing the sale of the company from the prior to the new owner(s):

   MCI WorldCom was purchased by Verizon on July 7, 2006 and is now identified as Verizon Business division.

   Documents to this effect are attached.

4. I understand that, pursuant to 18 U.S.C. § 152, I may be fined or imprisoned, or both, if I have knowingly and fraudulently made any false statements in this document.

*Revised November 2008*   This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.   **F 3011-1**

Motion for Order Releasing Unclaimed Funds - *Page 3*                F 3011-1

In re Winston Tire Company                                      CHAPTER 7

                                              Debtor.   CASE NUMBER LA 02-11180-BR

_____
Signature of Creditor/Successor

(Corporate Seal

Verizon, Andrew J. Murphy,
_____
Type or Print Creditor's/Successor's Name

if applicable)

3900 Washington Street, FL 2, Wilmington, DE 19802
_____
Creditor's/Successor's Address

STATE OF Delaware , COUNTY OF New Castle

On     6/3/2010         before me, personally appeared *(insert name and title of the signer)*

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. WITNESS my hand and official seal.

_____
Notary Public

(SEAL)

My commission expires on    4/20/2012



Motion for Order Releasing Unclaimed Funds - *Page 4*            **F 3011-1**

In re Winston Tire Company                                    CHAPTER 7

                                        Debtor.   CASE NUMBER LA 02-11180-BR

*[signature]*

*Signature of Attorney/Attorney-in-Fact (if appointed)*

J Armstrong Duffield

Type or Print Name

3855 S. Boulevard, Suite 200

Address

Edmond, OK 73013

STATE OF  OK , COUNTY OF  Oklahoma

On  June 21, 2010  before me, personally appeared *(insert name and title of the signer)*
J. Armstrong Duffield, Agent

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. WITNESS my hand and official seal.

*[signature]*

Notary Public

(SEAL)

                                        My commission expires on  April 27, 2011

KATRINA J. CUTTER
Notary Public
State of Oklahoma
Commission # 03004752 Expires 04/27/11

Presented by:

---

Revised November 2008    This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.    **F 3011-1**

Motion for Order Releasing Unclaimed Funds - *Page 5*

**F 3011-1**

In re Winston Tire Company

CHAPTER 7

Debtor.   CASE NUMBER LA 02-11180-BR

# PROOF OF SERVICE

I hereby certify under penalty of perjury under the laws of the United States of America that on 6-21-2010, I mailed in a sealed envelope, with postage thereon fully prepaid, a fully completed true and correct copy of the document described as "Motion for Order Releasing Unclaimed Funds" to the United States Attorney, United States Trustee, and other persons and entities required to be served by Local Bankruptcy Rule 3011-1(b) and addressed as follows:

United States Attorney CACB
312 North Spring Drive
Los Angeles, CA 90012

United States Trustee CACB
725 South , 26th Floor
Los Angeles, CA 90017

Please insert the name and address of the trustee appointed in the case and the trustee's counsel, if any:

| Rosendo Gonzalez | Carmela Pagay |
|---|---|
| 515 S. Figueroa Street, Suite 1970 | 1888 Century Park East, Suite 1500 |
| Los Angeles, CA 90071 | Los Angeles, CA 90067 |

Please insert the name and address of the Debtor, Debtor in Possession, reorganized Debtor, or other fiduciary appointed to supervise the distribution of funds and assets of the estate (if not the claimant) and their counsel, if any:

| Winston Tire Company | Garrick A Hollander |
|---|---|
| 690 West Knox Street, Suite 200 | 660 Newport Center Dr, Suite 400 |
| Torrance, CA 90502 | Newport Beach, CA 92660 |

If Movant is not the original creditor or an employee thereof, please insert the name and address of the original creditor and the creditor's counsel, if any:

| Worldcom, Inc. | |
|---|---|
| 20855 Stone Oak Parkway | |
| San Antonio, TX 78258 | |

Date: 6-21-2010

Signature: *(signed)*
J Armstrong Duffield
*Type or Print Name*

Revised November 2008   This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 3011-1**

## Limited Power of Attorney

**KNOW ALL MEN BY THESE PRESENTS**, that Verizon Communications Inc., on behalf of itself as well as its subsidiaries ("Verizon"), hereby appoints American Property Locators, Inc., having its principal business address at 3855 South Boulevard, Edmond, OK 73013 (Finder"), its true and lawful attorney-in-fact to seek recovery of the lost or unclaimed property in the amount of $3,615.34 (the "Unclaimed Property"), specifically arising from the Winston Tire Company Bankruptcy, Case No. LA 02-11180-ER filed in the CENTRAL District of CALIFORNIA.

Subject to the limitations in the next following sentence, Verizon further grants Finder authority to do whatever is necessary and proper in seeking recovery of the Unclaimed Property as fully as Verizon might or could do if personally present, hereby confirming all that Finder shall so lawfully do or cause to be done. Nevertheless, Finder shall have no authority to incur any financial obligation or to make any expenditure on Verizon's behalf, nor shall Finder have any authority to convert or deposit any Unclaimed Property or endorse any check, note or other instrument on Verizon's behalf or take any action which shall be prohibited under the Asset Recovery Agreement dated 4/28/2010 pertaining to the Unclaimed Property (the "Asset Recovery Agreement").

This Limited Power of Attorney shall be deemed to be a part of the Asset Recovery Agreement and, together with the Asset Recovery Agreement, shall constitute the sole and entire agreement between Verizon and Finder with respect to the recovery of the Unclaimed Property. This Limited Power of Attorney, and Finder's authority hereunder, shall terminate automatically and become null and void under the circumstances described in the Asset Recovery Agreement.

Signed this 3rd day of June, 2010.

VERIZON COMMUNICATIONS INC.

By: _Andrew J. Murphy_ (signature)
Name: Andrew J. Murphy
Title: Manager

STATE OF Delaware          )
                           ) ss.
COUNTY OF New Castle       )

On the 3rd day of June, 2010, before me personally came Andrew J. Murphy to me known, who, being by me duly sworn, did depose and say that he is the Manager of Verizon, the corporation described in and which executed the foregoing instrument.

_Genevieve P. Watson_ (signature)
Notary Public

My Commission expires: 4/20/2012

[Notary Seal: GENEVIEVE P. WATSON, MY COMMISSION EXPIRES April 20, 2012, NOTARY PUBLIC, STATE OF DELAWARE]







Holly Hess Groos
Senior Vice President & Treasurer

One Verizon Way
HF224
Basking Ridge, NJ 07920

March  2010

To Whom It May Concern:

Please let this letter serve as confirmation that the following individuals are employees of Verizon Communications Inc. and are authorized to submit claims on behalf of Verizon Communications Inc. and its Subsidiaries for the specific purpose of recovering unclaimed/abandoned Verizon property:

| Name | Title |
|---|---|
| John P. Corcoran | Specialist – Treasury |
| Andrew J. Murphy | Manager – Treasury |
| Elizabeth S. Duffy | Director – Treasury |
| Janet M. Garrity | Assistant Treasurer |

This confirmation will be effective for one year from the date of this letter.

Sincerely,

Holly Hess Groos
Senior Vice President and Treasurer

FILE No.449 06/21 '05 00:08  ID:CSC                    FAX:850 558 1515         PAGE  2/ 4
JUN. 21. 2005 10:17AM   CORPORATION SERVICE COMPANY                NO. 2381   P. 3

# PROFIT CORPORATION
## APPLICATION BY FOREIGN PROFIT CORPORATION TO FILE AMENDMENT TO APPLICATION FOR AUTHORIZATION TO TRANSACT BUSINESS IN FLORIDA

(Pursuant to s. 607.1504, F.S.)

### SECTION I
(1-3 MUST BE COMPLETED)

829591
(Document number of corporation (if known))

1. MCI WORLDCOM NETWORK SERVICES, INC.
(Name of corporation as it appears on the records of the Department of State)

2. DELAWARE                                    3. 2/27/1973
(Incorporated under laws of)                   (Date authorized to do business in Florida)

FILED 05 JUN 21 PH 2:35 SECRETARY OF STATE TALLAHASSEE, FLORIDA

### SECTION II
(4-7 COMPLETE ONLY THE APPLICABLE CHANGES)

4. If the amendment changes the name of the corporation, when was the change effected under the laws of its jurisdiction of incorporation? 6/1/2005

5. MCI NETWORK SERVICES, INC.
(Name of corporation after the amendment, adding suffix "corporation," "company," or "incorporated," or appropriate abbreviation, if not contained in new name of the corporation)

(If new name is unavailable in Florida, enter alternate corporate name adopted for the purpose of transacting business in Florida)

6. If the amendment changes the period of duration, indicate new period of duration.

(New duration)

7. If the amendment changes the jurisdiction of incorporation, indicate new jurisdiction.

(New jurisdiction)

(Signature of a director, president or other officer - If in the hands of a receiver or other court appointed fiduciary, by that fiduciary)    16 JW 2005 (Date)

STEPHEN G. FERGUSON
(Typed or printed name of person signing)

VICE PRESIDENT
(Title of person signing)



# Delaware

PAGE  1

## The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THAT THE SAID "MCI WORLDCOM NETWORK SERVICES, INC.", FILED A CERTIFICATE OF AMENDMENT, CHANGING ITS NAME TO "MCI NETWORK SERVICES, INC.", THE FIRST DAY OF JUNE, A.D. 2005, AT 12:43 O'CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE EFFECTIVE DATE OF THE AFORESAID CERTIFICATE OF AMENDMENT IS THE FIRST DAY OF JUNE, A.D. 2005, AT 2 O'CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE FRANCHISE TAXES HAVE BEEN PAID TO DATE.

AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL REPORTS HAVE BEEN FILED TO DATE.

AND I DO HEREBY FURTHER CERTIFY THAT THE SAID "MCI WORLDCOM NETWORK SERVICES, INC." WAS INCORPORATED ON THE SECOND DAY OF FEBRUARY, A.D. 1973.

AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID CORPORATION IS DULY INCORPORATED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL CORPORATE EXISTENCE NOT HAVING BEEN CANCELLED OR DISSOLVED SO FAR AS THE RECORDS OF THIS OFFICE SHOW AND IS DULY AUTHORIZED TO TRANSACT



0788723  8320

050513578

Harriet Smith Windsor, Secretary of State
AUTHENTICATION: 3963824

DATE: 06-21-05

# PROFIT CORPORATION
## APPLICATION BY FOREIGN PROFIT CORPORATION TO FILE AMENDMENT TO APPLICATION FOR AUTHORIZATION TO TRANSACT BUSINESS IN FLORIDA
(Pursuant to s. 607.1504, F.S.)

### SECTION I
(1-3 MUST BE COMPLETED)

_825591_
(Document number of corporation (if known))

*FILED 06 APR 20 PM 1:59 SECRETARY OF STATE TALLAHASSEE, FLORIDA*

1. _MCI NETWORK SERVICES, INC._
(Name of corporation as it appears on the records of the Department of State)

2. _DE_
(Incorporated under laws of)

3. _2/27/73_
(Date authorized to do business in Florida)

### SECTION II
(4-7 COMPLETE ONLY THE APPLICABLE CHANGES)

4. If the amendment changes the name of the corporation, when was the change effected under the laws of its jurisdiction of incorporation? _4/10/06_

5. _VERIZON BUSINESS NETWORK SERVICES, INC._
(Name of corporation after the amendment, adding suffix "corporation," "company," or "incorporated," or appropriate abbreviation, if not contained in new name of the corporation)

_____
(If new name is unavailable in Florida, enter alternate corporate name adopted for the purpose of transacting business in Florida)

6. If the amendment changes the period of duration, indicate new period of duration.

_____
(New duration)

7. If the amendment changes the jurisdiction of incorporation, indicate new jurisdiction.

_____
(New jurisdiction)

_Lindsay B. Krause_
(Signature of a director, president or other officer - if in the hands of a receiver or other court appointed fiduciary, by that fiduciary)

_Lindsay B. Krause_
(Typed or printed name of person signing)

_Assistant Secretary_
(Title of person signing)

# Delaware

### The First State

PAGE 1

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THAT THE SAID "MCI NETWORK SERVICES, INC.", FILED A CERTIFICATE OF AMENDMENT, CHANGING ITS NAME TO "VERIZON BUSINESS NETWORK SERVICES INC.", THE TENTH DAY OF APRIL, A.D. 2006, AT 10:40 O'CLOCK A.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE EFFECTIVE DATE OF THE AFORESAID CERTIFICATE OF AMENDMENT IS THE TENTH DAY OF APRIL, A.D. 2006, AT 2 O'CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE SAID "MCI NETWORK SERVICES, INC." WAS INCORPORATED ON THE SECOND DAY OF FEBRUARY, A.D. 1973.

AND I DO HEREBY FURTHER CERTIFY THAT THE FRANCHISE TAXES HAVE BEEN PAID TO DATE.

AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID CORPORATION IS DULY INCORPORATED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL CORPORATE EXISTENCE NOT HAVING BEEN CANCELLED OR DISSOLVED SO FAR AS THE RECORDS OF THIS OFFICE SHOW AND IS DULY AUTHORIZED TO TRANSACT BUSINESS.



0788723  8320

060355791

Harriet Smith Windsor, Secretary of State

AUTHENTICATION: 4672083

DATE: 04-17-06

```
<DOCUMENT>
<TYPE>EX-2.1
<SEQUENCE>2
<FILENAME>feb1705_ex0201.txt
<TEXT>
2
```
                                                                    Exhibit 2.1


                                                              EXECUTION COPY



                        AGREEMENT AND PLAN OF MERGER

                      DATED AS OF FEBRUARY 14, 2005

                                   AMONG

                        VERIZON COMMUNICATIONS INC.,

                           ELI ACQUISITION, LLC

                                    AND

                                 MCI, INC.


<PAGE>


                             LIST OF EXHIBITS

Exhibit                 Title
-------                 -----
A                       Form of Affiliate Agreement



                                     i

<PAGE>



                        AGREEMENT AND PLAN OF MERGER

     This AGREEMENT AND PLAN OF MERGER, dated as of February 14, 2005 (this
"Agreement"), is among VERIZON COMMUNICATIONS INC., a Delaware corporation
("Parent"), ELI ACQUISITION, LLC, a Delaware limited liability company and a
direct, wholly owned subsidiary of Parent ("Merger Sub"), and MCI, INC., a
Delaware corporation (the "Company" and, collectively with Parent and Merger
Sub, the "parties").

                                  RECITALS

     WHEREAS, the respective Boards of Directors of the Company, Parent and
Merger Sub have deemed it advisable and in the best interests of their
respective companies and stockholders that the Company and Parent engage in a
business combination;

     WHEREAS, in furtherance thereof, the respective Boards of Directors of the
Company, Parent and Merger Sub have approved and declared advisable this
Agreement and the merger of the Company with and into Merger Sub (the "Merger")
in accordance with the applicable provisions of the Delaware General Corporation
Law (the "DGCL"), and the Delaware Limited Liability Company Act (the "LLC Act")
and upon the terms and subject to the conditions set forth in this Agreement;
and

WHEREAS, it is intended that, for U.S. federal income tax purposes, the Merger (to the extent effected as a merger of the Company with and into Merger Sub and not pursuant to the alternative merger structure set forth in Section 1.9) shall qualify as a reorganization under Section 368(a) of the Code;

NOW, THEREFORE, in consideration of the foregoing and their respective representations, warranties, covenants and agreements set forth in this Agreement, and intending to be legally bound hereby, the parties agree as follows:

ARTICLE I

THE MERGER; CERTAIN RELATED MATTERS

Section 1.1 The Merger. Upon the terms and subject to the conditions set forth in this Agreement, at the Effective Time, the Company shall be merged with and into Merger Sub and the separate corporate existence of the Company shall thereupon cease. Merger Sub shall be the surviving entity in the Merger (with respect to all post-Closing periods, the "Surviving Entity"). At the Effective Time, the effect of the Merger shall be as provided in this Agreement, the Certificate of Merger and the applicable provisions of the DGCL and the LLC Act. Without limiting the generality of the foregoing, and

1

<PAGE>

subject thereto, at the Effective Time, all the property, rights, privileges, powers and franchises of the Company and Merger Sub shall vest in the Surviving Entity, and all debts, liabilities and duties of the Company and Merger Sub shall become the debts, liabilities and duties of the Surviving Entity.

Section 1.2 Closing. The closing of the Merger (the "Closing") shall, subject to the fulfillment or waiver of the conditions set forth in Article VII, take place at the offices of Debevoise & Plimpton LLP, 919 Third Avenue, New York, New York, at 9:00 a.m., New York City time, on the third Business Day after all of the conditions set forth in Article VII have been fulfilled or waived (other than those conditions that by their nature are to be satisfied at the Closing) in accordance with this Agreement or at such other place and time and/or on such other date as the Company and Parent may agree in writing (the "Closing Date").

Section 1.3 Effective Time. Subject to the provisions of this Agreement, as soon as practicable on the Closing Date, the parties hereto shall file a certificate of merger as contemplated by the DGCL and the LLC Act (the "Certificate of Merger"), together with any required related certificates, with the Secretary of State of the State of Delaware, in such form as required by, and executed in accordance with, the DGCL and the LLC Act. The Merger shall become effective at such time as the Certificate of Merger is duly filed with such Secretary of State on the Closing Date, or at such later time as Parent and the Company shall agree and specify in the Certificate of Merger. As used herein, the "Effective Time" shall mean the time at which the Merger shall become effective.

Section 1.4 Certificate of Formation. The certificate of formation of Merger Sub, as in effect immediately prior to the Effective Time, shall be the certificate of formation of the Surviving Entity until thereafter changed or amended as provided therein or by the LLC Act or applicable Law (the "Certificate of Formation"), except that the Certificate of Formation shall be amended to provide that the name of the Surviving Entity shall become MCI, LLC.

Section 1.5 By-Laws. The by-laws (if any) of Merger Sub in effect

Main Document    Page 15 of 18

imposed on or measured by income (including interest and penalties thereon) imposed by any Taxing Authority of any jurisdiction other than the United States or any political subdivision thereof with respect to any period or portion thereof ending on or prior to April 20, 2004.

"Subsidiary" when used with respect to any party means any corporation or other organization, whether incorporated or unincorporated, (i) of which such party or any other Subsidiary of such party is a general partner (excluding partnerships, the general partnership interests of which held by such party or any Subsidiary of such party do not have a majority of the voting interests in such partnership) or (ii) at least a majority of the securities or other interests of which having by their terms ordinary voting power to elect a majority of the Board of Directors or others performing similar functions with respect to such corporation or other organization is directly or indirectly owned or controlled by such party or by any one or more of its Subsidiaries, or by such party and one or more of its Subsidiaries.

"Tax" (and with the correlative meaning "Taxes") shall mean (A) all federal, state, local or foreign net income, franchise, gross income, sales, use, ad valorem, property, gross receipts, license, capital stock, payroll, withholding, excise, severance, transfer, employment, alternative or add-on minimum, stamp, occupation, premium, environmental or windfall profits taxes, and other taxes or similar charges, fees, levies, imposts, customs, duties, licenses and other assessments, together with any interest and

76

<PAGE>

any penalties, additions to tax or additional amounts imposed by any taxing authority, (B) any liability for payment of amounts described in clause (A) whether as a result of transferee liability, of being a member of an affiliated, consolidated, combined or unitary group for any period, transferor liability, successor liability or otherwise through operation of law, and (C) any liability for the payment of amounts described in clauses (A) or (B) as a result of any tax sharing, tax indemnity or tax allocation agreement or any other express or implied agreement to indemnify any other person.

"Taxing Authority" means, with respect to any Tax, the Governmental Entity that imposes such Tax, and the agency (if any) charged with the collection of such Tax for such Governmental Entity.

"Tax Return" means all federal, state, local and foreign tax returns, estimates, information statements and reports relating to Taxes.

"Trade Secrets" means all inventions (whether or not patentable), discoveries, processes, procedures, designs, formulae, trade secrets, know-how, Software, ideas, methods, research and development, data, databases, confidential information and other proprietary or non-public information and data.

77

<PAGE>

IN WITNESS WHEREOF, Parent, Merger Sub and the Company have caused this Agreement to be signed by their respective officers thereunto duly authorized, all as of the date first written above.

VERIZON COMMUNICATIONS INC.

```
                            By:    /s/ Ivan Seidenberg
                                   ------------------------------------
                                   Name:  Ivan Seidenberg
                                   Title: Chairman & CEO


                            ELI ACQUISITION, LLC

                            By:    /s/ John W. Diercksen
                                   ------------------------------------
                                   Name:  John W. Diercksen
                                   Title: EVP Strategy, Planning &
                                          Development

                            MCI, INC.


                            By:    /s/ Michael D. Capellas
                                   ------------------------------------
                                   Name:  Michael D. Capellas
                                   Title: Chief Executive Officer
```

78

&lt;PAGE&gt;

INDEX

|                                                       | PAGE |
|                                                       | ---- |
| Affiliate..............................................................69
| Affiliate Agreement....................................................55
| Aggregate Base Merger Consideration.....................................6
| Aggregate Incremental Amount...........................................69
| Agreement..............................................................1
| Alternative Merger.....................................................4
| Bankruptcy Cases.......................................................69
| Bankruptcy Claims......................................................69
| Bankruptcy Claims Proposals............................................5
| Bankruptcy Claims Valuation Firm.......................................4
| Bankruptcy Code........................................................70
| Bankruptcy Court Order.................................................56
| Base Merger Consideration..............................................3
| beneficial ownership...................................................70
| beneficially own.......................................................70
| Benefits Continuation Period...........................................50
| Board of Directors....................................................70
| Business...............................................................70
| Business Combination Transaction.......................................49
| Business Day...........................................................70
| By-Laws................................................................2
| Certificate of Formation...............................................2
| Certificate of Merger..................................................2
| Certificates...........................................................3
| Change.................................................................43
| Change in the Company Recommendation...................................43
| Chapter 11 Plan........................................................70
| Closing................................................................2
| Closing Date...........................................................2
| Code ..................................................................70
| Company................................................................1
| Company Benefit Plans..................................................70

```
 1 | sendo Gonzalez [State Bar No. 137352]
   | 515 South Figueroa Street, Suite 1970
 2 | Los Angeles, CA  90071
   | Telephone: (213) 452-0071
 3 | Facsimile: (213) 452-0080
   |
 4 | Chapter 7 Trustee
 5 |
   |              UNITED STATES BANKRUPTCY COURT
 6 |              CENTRAL DISTRICT OF CALIFORNIA
   |                   LOS ANGELES DIVISION
 7 |
 8 | In re                        ) Case No. 2:02-bk-11180-ER
   |                              ) Chapter 7
 9 | WINSTON TIRE COMPANY         )
   |                              )
10 |                              ) NOTICE OF UNCLAIMED
   |                              ) DIVIDENDS
11 |                              ) 3011
   |                  Debtor.     )
12 |                              )
13 |
14 |    TO JON D. CERETTO, CLERK OF THE UNITED STATES BANKRUPTCY COURT:
15 |    Please find annexed hereto check(s) totaling $100,134.40
16 | representing the total amount of unclaimed dividend(s) in the above-
17 | entitled debtor's estate which will create a zero balance in the bank
18 | account. Said sum is paid over to you pursuant to Bankruptcy Rule
19 | 3011. A list of the name(s), address(es) and amount(s) to be paid to
20 | each claimant entitled to said unclaimed dividend is attached.
21 | Dated: January 20, 2010
22 |
23 |                              /s/Rosendo Gonzalez
   |                              ROSENDO GONZALEZ
24 |                              Chapter 7 Trustee
25 |
26 |                          -1-                           ORIGINAL
```

FILED JAN 21 2010 CLERK U.S. BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA BY ___ Deputy Clerk

| # | Claim | Name/Address | Amount | Amount | Amount | Total |
|---|---|---|---|---|---|---|
| 1 | 170 | R.J. SHAW/ONE STOP WLA<br>2209 BARRY AVE<br>ATTN: AUTHORIZED AGENT<br>W LOS ANGELES, CA 90064 | | 1,415.22 | 1,415.22 | 38.47 |
| 2 | 183 | BALBOA AUTO PARTS, INC.<br>10365 BALBOA BLVD.<br>GRANADA HILLS, CA 91344 | 3,741.68 | 3,741.68 | 3,741.68 | 101.72 |
| 3 | 189 | RE HARRINGTON<br>A DIV OF SHEAKLEY UNISERV<br>1245 SLUTIONS CNTR<br>CHICAGO, IL 60677-1002 | 2,933.21 | 2,933.21 | 2,933.21 | 79.74 |
| 4 | 195 | HARLEY T DESMOND<br>3354 AVACADO VISTA LANE<br>FALLBROOK, CA 92028 | 1,000.00 | 1,000.00 | 1,000.00 | 27.19 |
| 5 | 203 | SOSS GARDENING SERVICES<br>& EUGENE F SOSS<br>91 WINDSOR DR<br>DALY CITY, CA 94015 | 250.00 | 250.00 | 250.00 | 6.80 |
| 6 | 215 | GORMAC SECURITY SERVICES<br>650 S GAREY AVE<br>POMONA, CA 91766 | 6,559.00 | 6,559.00 | 6,559.00 | 178.32 |
| 7 | 219 | CITY OF ANAHEIM<br>DIV OF COLLECTIONS<br>PO BOX 3069<br>ANAHEIM, CA 92803-3069 | 1,134.93 | 1,134.93 | 1,134.93 | 30.85 |
| 8 | 220 | SCOTT PAUL SCHELLHASE<br>4113 IRONWOOD DRIVE<br>CHINO HILLS, CA 91709 | 641.89 | 641.89 | 641.89 | 17.45 |
| 9 | 226 | ROBERT FRANK & MARJORIE FRANK<br>C/O THE WOLF FIRM<br>18 CORPORATE PLAZA DRIVE<br>NEWPORT BEACH, CA 92660-7901 | 44,418.95 | 44,418.95 | 44,418.95 | 1,207.59 |
| 10 | 241 | YORBA LINDA AUTO PARTS<br>ATTN: CORPORATE OFFICER<br>4981 VALLEY VIEW AVE<br>YORBA LINDA, CA 92686 | 1,412.82 | 1,412.82 | 1,412.82 | 38.41 |
| 11 | 248 | MCI WORLDCOM NETWORK SERVICES INC<br>& WORLDCOM INC<br>20855 STONE OAK PRKWY<br>SAN ANTONIO, TX 78258 | 132,983.56 | 132,983.56 | 132,983.56 | 3,615.34 |
| 12 | 260 | J & B AUTO PARTS<br>1700 NORTH TUSTIN AVENU<br>ATTN: AUTHORIZED AGENT<br>ORANGE, CA 92865 | 3,591.64 | 3,591.64 | 3,591.64 | 97.64 |